1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMAAL JOHNATHAN BOMBER,

Defendant.

CR13-187 TSZ

ORDER

THIS MATTER comes before the Court on defendant Jamaal Johnathan Bomber's motion to withdraw guilty plea, docket no. 62.  Having reviewed all papers filed in support of, and in opposition to, defendant's motion, the Court enters the following order.

**Discussion**

A defendant may withdraw a guilty plea after the plea is accepted by the Court, but before sentencing, if the defendant "can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B); _see_ _United States v. Ruiz_, 257 F.3d 1030 (9th Cir. 2001) (en banc).  The "fair and just" standard is generous and must be applied liberally, but a defendant may not withdraw a guilty plea "simply on a lark."  _United States v. McTiernan_, 546 F.3d 1160, 1167 (9th Cir. 2008) (citing _United States v. Hyde_,

ORDER - 1

1   520 U.S. 670, 676-77 (1997)).  "Fair and just" grounds for withdrawing a guilty plea

2   include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening

3   circumstances, other reasons that did not exist when the defendant entered the plea, and

4   erroneous or inadequate legal advice.  _Id._ at 1167.

5        The Court is persuaded that Jamaal Bomber has not proffered a "fair and just"

6   basis for withdrawing his guilty plea.  In his motion, Bomber has not identified any

7   deficiencies in the plea colloquy, any newly discovered evidence or intervening

8   circumstance, or any ineffectiveness of counsel.  Instead, Bomber relies primarily on

9   materials relating to a state court criminal matter being dismissed as a result of his plea,

10  which were provided to him almost a month before the Court accepted his plea.  Bomber

11  fails to indicate whether these materials are in any way exculpatory, and he does not

12  explain how or why these materials caused him to want to withdraw his guilty plea.

13       Bomber also contends that he should be allowed to withdraw his plea because he

14  indicated a desire to do so to his prior counsel before the Court accepted his plea.  In

15  support of this assertion, however, Bomber has offered no declaration or other evidence

16  concerning the sequence of events or the substance of discussions that he had with prior

17  counsel, namely Peter Avenia and Corey Endo.  The only information in the record

18  relating to this subject is contained in Corey Endo's sealed declaration filed in support of

19  a motion to withdraw as counsel.  The declaration indicates that, after receiving the

20  materials relating to the state court proceedings, Bomber "became convinced that he

21  should not have accepted the government's plea offer," and that Bomber "has _now_

22  indicated that he wants to file a motion to withdraw his guilty plea."  Endo Decl. at ¶¶ 6

23

ORDER - 2

1 & 7 (docket no. 55) (emphasis added).  The declaration was dated November 7, 2013,

2 which was over three weeks after the Court accepted Bomber's plea.  *See* Order of

3 Acceptance of Plea of Guilty entered October 15, 2013 (docket no. 52).

4        Neither the declaration nor anything else before the Court suggests that Bomber

5 made his wish to withdraw his plea known to prior counsel earlier than October 15, 2013.

6 Moreover, in his motion, Bomber does not allege that prior counsel was ineffective in not

7 filing a motion to withdraw the guilty plea before the Court accepted it.  To the contrary,

8 Bomber's motion indicates that prior counsel "cannot be faulted for displaying concern

9 about the perceived adverse effect of a guilty plea withdrawal and endeavoring to prevent

10 the withdrawal."  Motion at 4 (docket no. 62).  Finally, Bomber provides no authority for

11 the proposition that his ability pursuant to Rule 11(d)(1) to withdrawn the plea for "any

12 reason or no reason" before it was accepted by the Court constitutes a "fair and just"

13 ground for withdrawing the plea, now that it has been accepted by the Court.  Such

14 reasoning renders meaningless the distinction drawn in Rule 11(d) between withdrawal

15 motions made before and after acceptance of a guilty plea, and the Court declines to

16 adopt it.

17 **Conclusion**

18        Jamaal Johnathan Bomber's motion to withdraw guilty plea is not founded on the

19 requisite "fair and just" reason, but rather perhaps on the equivalent of "buyer's

20 remorse," and the motion, docket no. 62, is DENIED.  **Sentencing is SCHEDULED for**

21 **April 3, 2014, at 1:30 p.m.**  The Clerk is DIRECTED to send a copy of this Order to all

22 counsel of record.

23

ORDER - 3

1    IT IS SO ORDERED.

2    Dated this 19th day of February, 2014.

3

4                                        THOMAS S. ZILLY
                                         United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 4